**DECKER, Estate of, In re.**

Ohio Appeals, Second District, Miami County.

No. 442. Decided December 9, 1947.

**444**

Hon. Hugh S. Jenkins, Atty. Genl., Joseph F. Ford, Asst. Atty. Genl., Columbus, for the appellant.

Messrs. Estabrook, Finn & McKee, Dayton, for the appellees.

## OPINION

By MILLER, J.:

This is a law appeal from the Court of Common Pleas of Miami County, Ohio, wherein it was determined that the valuation for tax purposes on 245 shares of stock in the Val Decker Packing Company was $375.00 per share.

The record discloses that Louis F. Decker died testate on January 15, 1944, leaving 245 shares of said stock among the assets of the estate, valued at $350.00 per share. An application was filed with the Probate Court on December 9, 1944, to determine the inheritance tax. This application contained a listing of the stock at a value of $350.00 per share and the Probate Court forthwith determined the inheritance tax applicable to the various successions. The Tax Commissioner under authority of §5345-1 GC, filed a motion in Probate Court asking that Court to vacate its order and finding and further to issue an order of appraisement to the County Auditor of Miami County for an official appraisal. Pursuant to this motion the original determination of tax was vacated and the order for an appraisal by the County Auditor was issued. A hearing was had by the Auditor who thereafter found the stock had a value of $550.00 per share instead of $350.00 per share as listed in the application. On the basis of this official appraisal of the County Auditor a new determination of inheritance tax was made by the Probate Court based upon the Auditor's appraisal. To this determination of the Probate Court exceptions were filed by the executors and the successors. Upon the hearing of said exceptions it was found by the Probate Court that the value of said stock was $375.00 per share. No record was made of these proceedings to which a notice of appeal on questions of law and fact was filed on behalf of the Department of Taxation. Upon this hearing it was found and determined by the Court that the Auditor's appraisement should be modified so as to sustain the last

opinion in the Probate Court fixing the value of these shares at $375.00 each. It is from this ruling that this appeal is prosecuted.

Briefly, the errors assigned are:

1. Error in determining that the Department of Taxation had the burden of going forward with its case when the Court should have held that such burden was on the representatives of the estate.

2. Error in determining that the value of this stock was $375.00 per share and in determining that the appellees had sustained the burden of proof in said finding.

In the hearing before the Court of Common Pleas the question was presented as to who should proceed in the case. The Court held that the Department of Taxation should proceed, but also held that the burden of proof should be upon the appellee. The Court recognized that the hearing was de novo but held that the State should proceed first with its proof. This was a matter which rested within the sound discretion of the Court. In 2 O. Jur., Sec. 638, p. 710, it is said:

"The discretionary power to change the order of proceeding on the trial, vested in the trial court by statute, may be exercised in determining which party shall open and close the evidence and argument. * * * It will not be reviewed except upon a plain case of error, and where it appears that prejudice has resulted."

Sec. 639 of 2 O. Jur., p. 711 also says:—

"But as these rules must, necessarily, often be applied or relaxed according to circumstances apparent only to the Court conducting the trial, much is left to the discretion of the Court, and speaking broadly, it may be said that it is within the discretion of the trial court either to admit or to reject competent evidence offered out of the regular order, and that, unless the record discloses an abuse of discretion, its action in this regard will not be disturbed on error."

The record discloses that the State had full and complete opportunity to offer any testimony or evidence it desired and to fully cross-examine. It was deprived of no right and therefore there can be no prejudicial error in this assignment.

We shall consider the next two assignments of error together, as they both relate to alleged error in the reducing of the value of the stock. The difficulty in determining the

value of this stock is due to the fact that practically all the shares are held by members of the Decker family and no sales of stock have been made in recent years. All of the stock of the Val Decker Packing Company is held in a voting trust and the stockholders have no right to vote for the board of directors or any other officers of the company and have absolutely no control in the management of the company. This fact was commented upon by both the Probate Judge and the Common Pleas Judge as having a tendency to decrease somewhat the market value of this stock. We are in accord with these conclusions of the two Courts below. We have carefully examined the testimony and exhibits contained in the bill of exceptions and are of the opinion that the finding of the Court is sustained by the greater weight of evidence.

The record discloses that the State of Ohio offered no direct evidence either in the hearing before the Auditor or the Common Pleas Court as to the value of these shares of stock. The Auditor seems to have arrived at his conclusions from an analysis of the books, records and financial statements of the company. On the other hand, the appellee offered expert testimony of three witnesses placing the value of this stock from $300.00 to $350.00 per share. One of these witnesses, Mr. Troy Kaichen of Cincinnati, Ohio, qualified as a stock broker with eighteen years experience in the business, during which time he has had occasion to value stocks both listed and unlisted, in an efffort to determine their fair value. He testified that he was familiar with the methods commonly used by bankers and appraisers in this work. He also testified that he has assisted as a valuation expert with relation to federal tax and estates and succession taxes. The methods he used in arriving at his conclusion that the stock was worth $300.00 per share were those measurers which are ordinarily used for business purposes in estimating values of property, such as business, actual property, value of actual assets and amount and nature of present and contingent liabilities.

Mr. L. H. Willig placed a value on these shares of $350.00. The record discloses that he has been a certified public accountant since 1924 and has been actively engaged in that profession since that time. He testified that he had numerous valuation matters in connection with securities, especially in the matter of federal assets; that his firm has been handling the accounting in tax matters for the Val Decker Packing Company since 1937; and that he was familiar with the operation of the Company. The methods he employed in

determining the valuation of this stock were also those ordinarily used for business purposes.

Mr. I. H. Jones testified before the County Auditor, the record of which is admitted in evidence in this case, that he was vice-president of the Winters National Bank & Trust Company of Dayton, Ohio, since 1936, and that prior to that he was an examiner in the State Banking Department for eight years and as such examiner his duties consisted primarily of the examining of banks which meant the determination of assets, and for a period of about eight months he had charge of the liquidation of the Union Trust Company of Dayton, Ohio. As such liquidation officer it was his duty as a state official to pass judgment on the values of corporation stocks. He testified in detail as to the methods he used in arriving at the value of this stock, which were also those used ordinarily for business purposes, and his opinion was that this stock was worth $350.00 per share.

The record shows that the United States Government for taxation purposes has placed a value on these shares of $375.00 each.

The County Auditor in his report made an analysis of the condition of this company and he found, "in view of the foregoing analysis, there is no apparent reason for placing a much lesser amount on the stock than that shown by the records of the corporation, such value being $1000.00 per share on January 1, 1944, immediately preceding the death of Louis F. Decker."

It was held in **In re Estate of Jones, 23 Oh Ap 74,** that the book value of stock cannot be considered as its actual market value; that the actual market value of the stock does not depend upon one thing, but upon many, to wit, (a) the value and sale of stocks of a similar kind; (b) the activities of the corporation during the periods of its existence; (c) its earnings at the time of the death; (d) the actual financial condition of the corporation at said time as compared with previous dates during its existence; (e) the future prospects of the corporation, in a financial way, and dividends that had been paid during the years of the corporation.

Appellees' Exhibit 15 in the record of proceedings held before the County Auditor may throw some light upon the reason the Auditor fixed a value of $550.00 per share upon this stock. This exhibit is a letter from J. S. Edwards, Assistant Tax Examiner for the State of Ohio, to Mr. Charles S. Ross, in which he stated, "my own thought in the matter would be that a true value of somewhere around $500.00 to $650.00 would not be unreasonable."

It is for the foregoing reasons that we find that the appellees proved by a preponderance of the evidence in the trial court that the value of this stock was $375.00 per share, and the trial court was correct in so finding.

It is the contention of the State that the Auditor used practically every accepted test in arriving at his conclusion, that this determination should be presumed to be correct and should not be set aside or modified in the absence of clear and convincing evidence showing it to be incorrect.

In the case of In re Seidensticker, 75 Oh Ap, 73, this Court held:

"The Probate Court, in determining the amount of inheritance tax, acts in a judicial as well as an administrative capacity, has the same power in respect thereto that it has in respect to other matters originally lodged with it, and may, in accordance with such power, set aside its determination based upon a mistaken appraisal and make a second determination based upon the true appraisal."

Sec. 5346 GC provides:

"* * * Any person dissatisfied with the appraisement and determination of taxes may file exceptions thereto in writing with the probate court. * * * Upon the hearing of such exceptions said court may make such order as to it may seem just and proper in the premises."

Therefore, when the Probate Court was called upon to hear the exceptions taken by the estate of Louis F. Decker, et al., he had the right to make such order as to him seemed just and proper in the premises. Since the Probate Court had the right "to make such order as may seem just and proper in the premises" upon the hearing of exceptions to the County Auditor's valuation under §5346 GC, it would seem that the statutes give a clear path for courts reviewing the Probate Court's decision to decide for themselves what order "was just and proper in the premises."

We find no error in the record and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.